## CONSTANTIN REFINING CO. et al. v. THOMPSON-MUNRO-ROBINS CHEMICAL CO.

No. 20122. Opinion Filed June 16, 1931.

M. A. Breckinridge and Chas. R. Bostick, for plaintiffs in error.

Lashley & Rambo and Russell B. James, for defendant in error.

HEFNER, J. This is an appeal from a judgment of the district court of Tulsa county refusing to discharge garnishee. It appears that an action was brought in that court on the 2nd day of October, 1922, by Thompson-Munro-Robins Chemical Company against Constantin Refining Company to recover on a promissory note. A garnishment summons was issued in that action and served on the Exchange National Bank and the Central National Bank of Tulsa garnishing certain funds then on deposit therein and belonging to the refining company.

It appears that Spitzer-Rorick Trust & Savings Bank, trustee, held a deed of trust covering all the property of the refining company to secure various bondholders of

the company. Some time after the commencement of this action Spitzer-Rorick Trust & Savings Bank brought an action in the federal court to foreclose the deed of trust. A receiver was appointed in that action who took possession of all the property and assets of the refining company except the fund here in controversy, to which he at that time made no claim. The action in the state court remained dormant pending the proceedings in the federal court. A decree of foreclosure was rendered therein and all of the property of defendant company covered by the deed of trust was finally sold under the decree. Malloy & Company purchased the property from the purchaser at the judicial sale and after having acquired title thereto, by leave of court, intervened in the present suit and filed its motion to discharge the garnishee for the reason that the statement in the garnishment affidavit that defendant did not have property subject to execution was untrue. There was no defense made to the main action. The trial court entered judgment in favor of plaintiffs and overruled the motion to discharge the garnishee. Malloy & Company, interveners, appeal from the judgment overruling their motion and urge as ground for reversal that the judgment is contrary to the undisputed evidence. It asserts that the evidence is conclusive that the defendant had property subject to execution at the time of the service of the summons in garnishment. On this question Pat Malloy, in behalf of intervener, testified that at the time of the institution of the garnishment proceedings defendant had on hand $35,000 to $50,000 worth of property subject to execution consisting of gasoline, kerosene, and other refined products. It is the contention of plaintiff that all of this property was covered by the deed of trust. The deed of trust on its face covers all property of defendant, real, personal, and mixed, at that time owned or thereafter acquired by defendant, together with the income derived therefrom. The deed also contains the following clause:

"The company, while not in default hereunder, may from time to time, sell and contract to sell, free from the lien hereof, all oil and gas and by-products thereof produced from any of its properties, such sales being in the usual course of trade with customers of the company, and may from time to time make changes or alterations or substitutions in any or all leases or contracts which may at any time become subject to the lien hereof, but, in such event, the modified, altered or substituted lease or contract shall forthwith become and be subject to the lien of this mortgage."

It is the contention of intervener that

under this clause of the deed of trust the lien of the trustee did not attach to the manufactured products of defendant until it made default in the payments due under its bonds or until the trustee took possession of the property under the deed of trust, and that this property was therefore free from the lien and could have been levied upon by plaintiff. The answer to this contention is that the deed of trust on its face purported to cover the property. Under section 7661, C. O. S. 1921, an execution cannot be levied on mortgaged property unless the execution creditor first tenders the money due under the mortgage. We do not think it necessary to pass upon the legal effect of the deed of trust nor to determine as to whether upon a legal consent the lien would have attached to the stock of defendant on hand as against an execution creditor. It is sufficient to say that it was covered by the express terms of the deed and we do not think plaintiff was called upon to determine the legal effect of the instrument prior to the garnishment proceedings.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.